# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JEAN B. GERMAIN                                    *

Plaintiff                                               *

v                                                         *          Civil Action No. JFM-14-1536

SCOTT S. OAKLEY and                          *
ROBIN WOOLFORD
                                                           *
Defendants
                                              ***

## MEMORANDUM

In response to defendant Robin Woolford's motion to dismiss or for summary judgment, plaintiff filed a motion for continuance accompanied by an affidavit pursuant to Fed. R. Civ. Proc. 56(d) seeking discovery. ECF 20 and ECF 20-2.

In his motion for continuance plaintiff states that justice would be served and judicial resources saved if he is allowed to pursue his claims against both defendants at the same time, noting that defendant Scott Oakley was not served with the complaint. ECF 20 at p. 2. He states that his Rule 56(d) affidavit further supports his motion to delay "summary judgment proceedings" in this case. *Id.*

The Rule 56(d) affidavit states that plaintiff requires discovery to fashion his opposition response to Woolford's dispositive motion. He prefaces the affidavit with the statement that he "has a multitude of evidence to refute the false assertions made by defendant Woolford but for the time being [he] will use the evidence submitted by the defendant." ECF 20-2 at p. 3. Plaintiff seeks to engage in discovery to "adduce evidence . . . to prove that defendant Woolford's sole intent was to obstruct plaintiff's ability to receive a remedy" in the context of plaintiff's claim that Woolford improperly required plaintiff to provide evidence of an injury

from water that was allegedly too hot in the prison's shower. *Id.* at p. 6. Plaintiff complains that Woolford never explained *why* medical evidence of an injury was needed for the preliminary review of his grievance. *Id.* at p. 5.

Plaintiff also seeks to engage in discovery to establish that Woolford did not provide the court with the entire content of his Inmate Grievance Office (IGO) file.[1] *Id.* at pp. 8 – 9. He claims he requires the entire file to establish that he complied with Woolford's request to provide a "property inventory or confiscation form and commissary form or other order form and any receipt" in support of his grievance that his property was improperly confiscated when he was placed on disciplinary segregation. *Id.* at p. 8.

Plaintiff seeks to discover evidence that Woolford's motive in requiring him to provide documentation that he was required to send certain items by certified mail, and subsequently ignoring the documentation plaintiff provided, was to deprive him of the opportunity to litigate that issue in the courts. *Id.* at pp. 12 – 14. Plaintiff states that he was attempting to serve defendants in a state court case, which required him to use certified mail. *Id.* His claim is that he was not permitted by prison officials to send the items by certified mail either at his expense or at the institution's expense. *Id.* Plaintiff adds that he must be allowed to depose Woolford to "show his evil motives" and to "adduce evidence from the defendants to prove that they were acting in a concerted effort or agreement between them to deny plaintiff access to the state courts." *Id.* at pp. 18 and 19 – 20.

Federal Rule of Civil Procedure 56(d) provides that:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts to justify its opposition, the court may:

(1)     Defer considering the motion or deny it;
(2)     Allow time to obtain affidavits or declarations or to take discovery; or

---

[1]     Woolford's motion is accompanied by 156 pages of documents attached as exhibits. ECF 18-2.

(3)   Issue any other appropriate order.

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours and Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2011). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To raise adequately the issue that discovery is needed, the non-movant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f))

Notably, "'Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery.'" *Hamilton v. Mayor & City Council of Baltimore*, 807 F.Supp. 2d 331, 342 (D. Md. 2011) (quoting *Young v. UPS*, No. DKC-08-2586, 2011 WL 665321, at *20, 2011 U.S. Dist. LEXIS 14266, at *62 (D. Md. Feb. 14, 2011)). "Rather, to justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F.Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted). A non-moving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995);

3

see *Amirmokri v. Abraham*, 437 F.Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F.App'x. 274 (4th Cir. 2008).

The claims asserted by plaintiff in his complaint are that defendants have denied him access to the courts through their actions. "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997), quoting *Lewis v. Casey*, 518 U. S. 343, 355 (1996). "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Id.* at 352-352.

Without proof that plaintiff has lost the ability to litigate a claim that is meritorious and is related to the conditions of his confinement or is a cognizable challenge to his conviction, any claim of a civil conspiracy to deny plaintiff access to the courts fails.[2] None of his requests for discovery, if permitted, would establish the merits of his underlying claims. Defendant Woolford has alleged that plaintiff has not been prevented from accessing the courts as indicated by the number of state and federal cases he has filed, nor has he been prevented from filing administrative complaints within the prison, as evidenced by the volume of complaints he has filed there. ECF 18-1 at pp. 5 – 6. Plaintiff's requests for discovery appear to simply presume that the underlying claims were meritorious and focus instead on allegations of Woolford's intent and motive for the administrative decisions made about the particular IGO complaints at issue in

---

[2]    To establish a civil conspiracy under § 1983, plaintiff must present evidence that defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in deprivation of a constitutional right. *See Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir.1996).

4

this case. Proof that Woolford's intent was to deny plaintiff's access to court for the underlying claim does not create a genuine dispute of material fact where there is no evidence that in so doing plaintiff lost the ability to litigate a legitimate claim.

To the extent that plaintiff seeks to establish that he complied with requests to provide the IGO with additional documentation but his claims were dismissed anyway, that evidence also does not establish a genuine dispute of material fact with regard to his constitutional claim for access to the courts. Plaintiff admits in his affidavit that he has evidence in his possession to prove Woolford's assertions are false. ECF 20-2 at pp. 3 and 16. Rule 56(d) does not permit a party to engage in discovery simply for the sake of doing so. Plaintiff's request to engage in discovery shall be denied.

Plaintiff's motion for continuance shall also be denied. The claims asserted against the unserved defendant are essentially the same as the claims against Woolford and rely on the same evidence. If plaintiff cannot adequately oppose the pending dispositive motion by Woolford with respect to his claim that he was denied access to the courts, the complaint cannot proceed against the unserved defendant. Thus, plaintiff's suggestion that requiring service on Oakley prior to ruling on the pending motion is in the interest of judicial economy is incorrect. Plaintiff will be granted a brief extension of time in which to file his opposition response.

A separate order follows.

_____          _____
Date                                J. Frederick Motz
                                    United States District Judge


5